FILED
2008 APR 25 PM 12: 35
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK W. RUPP and DOUGLAS J. GOULD     PLAINTIFF(S) | No. CV08-01939 SBA |
| Vs. | MOTION FOR |
| FIRST AMERICAN TITLE COMPANY, a California corporation.     DEFENDANT(S) | AMENDMENT TO COMPLAINT |

This is an Motion made onto this Court to allow the Plaintiffs to submit the Complaint Statement of Frank W. Rupp for attachment to the Complaint No CV08-01939 before this Court. The Plaintiffs also wish to add as Exhibit 1A the sister Complaint No. CV07-05954MHP, as evidence to this Complaint. Due to disability, Plaintiff Douglas J. Gould over seen the fact said documents should have been submitted with Complaint when filed with the court. Thank You.

_Frank W. Rupp_    4/24/08
Plaintiff Frank W. Rupp

_Douglas Gould_    4/24/08
Plaintiff Douglas J. Gould

# CERTIFICATE OF SERVICE

I, **Stephen Bonapille**, state that I am over 18 years of age and I am not party to this Court action, do hereby swear on the date of ___/ /08 did forward by United States Postal Priority Mail true copies of *Request for Injunction, Amendment to complaint, and Notice of Mailing*, to the below address. *and copy of Complaint CV07-05954 MHP and complaint Statement.*

*Stephen Bonapille*

Corporate Headquarters Claims Department
The First American Corporation
First American Title
1 First American way
Santa Ana, California, 92707

Thursday, November 01, 2007

Frank W Rupp
439 Butterfield
Cathedral City, CA 92234

My name is Frank W Rupp, I am plaintiff # 1, and make this statement of free will in order that justice be served.
I sold my condo in San Francisco in June 2003, and because of a 75,000 dollar title company 'error'. I suffered harassment from the title company, in their suit against me, citing unjust enrichment, unclean hands, embezzlement, and larceny. A summary judgment was executed from a court in the state of Nevada, causing me to endure undue and unjust hardship. That court failed in due diligence, and heard and decided my case, without a public trial for the untrue alleged accusations in said case. California law requires arbitration of any dispute over a real estate sale.

I signed, under this clause of law, to accept the arbitration decision as final, and cannot be challenged by the decision in any court. There never was any arbitration of the condo sale mistake. The arbtration law and its decision clause is on page (5) of the California residential purchase contract, and this document is reqired for all real estate sales in California. This arbitration information came to my attention after the lawyer I retained closed the case in the nevada court, and I know for a fact the lawyer did not present this law to the Nevada court. Douglas Gould, as plaintiff # 2, and I presented this fact of California arbitration law by motion to the court and the Nevada court of appeals a number of times only to have it dismissed without good cause. Tthe Nevada attorney general's office was informed, only to recieve a reply stating that office cannot interfare with court procedure.because of this california fact of law, the entire nevada court procedure is illegal.

The Nevada state division of insurance provided a written letter stating the state of Nevada has no jurisdiction over property in San Francisco Califronia. On march 26 2007, a motion was filed with the request of submission form in the court to waive the appeal fees within the 30 day requirement in order to appeal again to the Nevada state court of appeals, and to date, the lower court has not replied to that motion and the 30 day requirement to file appeal has lasped. How can the citzens of the state of Nevada, who pay their own land taxes and have their own residential purchase contract and escrow laws have jurisdiction over California state citzens taxed property and their resident purchase contract and escrow instructional law, and how can a court case exisit in a Nevada court over the sale of my San Francisco condo, when the law in California does not allow any court action?

The judgment allowed the title company to persistently harass me for over 4 years.

About $20,000 was taken from my bank account, at two different times, which caused about $14,000 in personal checks to be returned. A $4.000 check which was put into a California branch to cover my dad's funeral, was returned. A lien was placed on my home and I could not borrow to invest gainfully, and the record shows when the lien was filed, the title company made globally public my full name, Soc Sec number, and my birth date, for about one year, in the

County Recorder's Office, Reno, NV.

Lawyer fees were over $17,000, and at a later time it came to my knowledge that he did not represent my best interest. I filed a complaint with the Nevada state bar. My family, close friends of family, and local Renoans, even felt that I did something wrong. in which they said, "A judge would not make such a decision if you did not do something wrong", and yet it was the title company who admitted in court papers to making the mistake in the selling of my condo.

I have suffered stress, undue hardship, and damaged reputation, because of the harassment when I did not do anything wrong in the sale of my condo.

I want my home returned to me, and the money taken from me, returned as well, with interest, along with the fees for the returned checks and legal fees reimbursed, and awards for hardship damage.

I ask for trial by jury to prove the state of Nevada wrong. Having allowed such harm to take place by way of the illegal court procedure and its judgment. I request relief from these heinous acts. I ask that the Nevada court be held liable and let justice prevail, for not only myself, but for all the citzens of California. Thank you. Respectfully submitted.

All Rights Reserved,

*[signature: Frank W Rupp]*

Frank W Rupp

1  C/O

2  RUSSELL K. MARNE, Address For

3  FRANK W. RUPP and DOUGLAS J. GOULD,

4  MARIN JUSTICE CENTER, 30 NORTH SAN PEDRO RD, SUITE 195

5  SAN RAFAEL CA, 94903

6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10                                                       CASE NO._____

11

12  FRANK W. RUPP

13  PLAINTIFF/PETITIONER # 1

14  DOUGLAS J. GOULD, PLAINTIFF/PETITIONER # 2

15              VS.

16  THE CITIZENS OF THE STATE OF NEVADA

17  DEFENDANT/RESPONDENT

18              Document Name:

19  (1). This is an 1983 action pursuant to the Federal Laws and Rules of Civil Procedure(s) of Jurisdiction for this

20     Court for the purpose of Judicial Review.

21              AND

22  (2). The Plaintiffs/Petitioners have Exhausted All Remedies in this matter and this Court has Jurisdiction for

23     Judicial Review Pursuant to Federal Rules of Civil Court Procedure.

24  WHEREFORE THE PLAINTIFFS/PETITIONERS SEEKS JUDICIAL REVIEW BY THIS

25  COURT AND/OR THE ENTRY OF JUDGMENT FOR SUCH RELIEF DEEMED PROPER.

26

27  Frank w. Rupp, Plaintiff # 1, (760) 208-4674       *Frank w. Rupp*   11/8/2007

28  Douglas j. Gould, Plaintiff # 2, (415) 457-7372 ex 388   *Douglas j. Gould*  11/8/2007

## SUBJECT MATTER JURISDICTION STATEMENT

### FACT

1. A judgment has been sustained by the People of the State of Nevada, over the sale of a condominium residence in the City of San Francisco, formerly owned and sold by Plaintiff #1.

2. The State Supreme High Court, in the State of California, has no power of jurisdiction over the Nevada judgment to provide immediate relief for Plaintiffs 1 and 2, which they seek in this court.

3. The Plaintiff's believe they would not receive a fair impartial jury trial in the US District Court in the City of Reno, because the jurors would be citizens of the State of Nevada, who are the named defendants in this case.

4. The sustained judgment involves the sale of a residential property, within the City of San Francisco, located at 1860 Ellis St, within the jurisdiction of this U.S. District Court.

5. The People of the State of California recognized the sale of this condominium as Legal and Lawfully Executed binding Contract whereupon the Seller and Buyer walked away happy at the close of this Sale.

6. The Subject Matter is the Condominium itself which lays in this Courts jurisdiction and The People of the State of Nevada placed a Judgment upon said property from an illegal Court procedure in which such action has deprived the Plaintiff(s) of their California State Rights and Protections for said sale, and denying the Plaintiff(s) Constitutional right of Due Process of the Law.

7   The United States Code 28 U.S.C.& 1391 Civil Local Rule 3-4(b) INTRADISTRICT ASSIGNMENT, of Venue, and Civil Local Rule 3-2(c) provides this Court with Jurisdiction.

Rule (b)...a substantial portion of the events that give rise to the lawsuit occurred,
The defendants Judgment upon the Plaintiff(s) in whole is based on the Plaintiff(s) act of selling his Condominium in the City of San Francisco California.

Rule (c)... where a substantial part of the property that is subject of the complaint is located,
The property in whole is located in the City of San Francisco California.

8. DIVERSITY JURISDICTION, Federal courts are authorized to hear lawsuits in which none of the Plaintiff(s) live in the same state as any of the defendant(s) and the amount in controversy exceeds $75.000. Plaintiff 1, was a California citizen when the illegal court action was heard in the Nevada Court and now resides in a trailer park in the county of Riverside California. The amount in controversy in this action before this court exceeds $85.000 cash, and the lost of a home only Three years old, located in Reno Nevada, which exceeds $300.000 and was lost due to a lien place on the home and not being able to pay the mortgage because the mortgage payments were seized out of the Plaintiffs 1 bank account from the illegal Sustain Judgment in question before this Court. Plaintiff 2, resided in Reno, and lost his home due to medical disability and moved into Plaintiffs 1 Reno home before said illegal Judgment occurred. The home was foreclosed and auction on March 26 2007 in the amount of $226.000.86 and by law Plaintiff 2 was required to move out of this home on May 1, 2007, and now resides Homeless in the County of Marin California.

## CONSTITUTIONAL ARTICLE VIOLATED

1. Article VI, This Constitution, and the laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding.

2. The Reno 2nd District Court, and the Nevada State Supreme Court failed to Protect the Plaintiff(s) by not upholding the Law.

3. Amendment XIV, ( no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without Due Process of Law; nor deny to any person within its jurisdiction the equal protection of the Law. )

4. Plaintiff (1) signed a California Residential Purchase Agreement Standard Contract Form. Which is required by law, for the sale of any residential property in the State of California. The citizens of the State of California through Legislature cause this contract to be Law. Page 5 of 8 to this contract, clearly states, under California Civil Procedure Law 1203.05, for which any dispute and/or issue, included, but not limited to, financial transfer, is required by law 1203.05, to be resolved first by mediation/arbitration, before any such dispute or issue involving the transfer of property can enter into or before any California courtroom. At the bottom of page 5 of this law, it states, by signing below, you agree to accept the Arbitrators decision as final, and give up any right(s) you may have to challenge the Arbitrators decision in Court before a Judge or jury trial, Plaintiff (1) signed and retained this Privilege.

5. The defendant failed in Due Process and Equal Protection of the Law by not dismissing the action from within there Court as a illegal proceeding, in the interest of Justice.

## AMENDMENTS VIOLATED

1. Amendment IV. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. This paragraph pertains to the fact the illegal court procedure in itself violated this amendment.

2. Amendment V. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. This paragraph pertains to the fact the plaintiff was acclaimed to have violated The RICO Act without any charge or indictment to the alleged act to commit conspiracy with oneself to defraud.

3. Amendment VI. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, The defendant allowed their courts to prosecute the Plaintiff for the alleged crimes of breach of contract/fraud, unjust enrichment, unclean hands, grand larceny, embezzlement in the City of San Francisco and there is no charges of any kind or nature stemming out of that district for the sale of the plaintiffs condo.

4. Amendment XI. The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. The defendant allowed the Plaintiff to be prosecuted in their courts for alleged acts over the sale of his residence in the City of San Francisco district.

5. Amendment XIV, Section 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without Due Process of Law; nor deny to any person within its jurisdiction the Equal Protection of the Laws.

COMPLAINT STATEMENT

My name is Douglas James Gould, I am Plaintiff # 2 in this action and make this statement of free will to this Court. I am a Plaintiff # 2 in this case because I lived in the same house as my home with Frank W. Rupp when the Defendant allowed the harassment to take place which had a direct effect upon my well being from the illegal Court procedure in the following manner.

Frank Rupp has been a good friend of mine for about 9 years, and a close friend of my family for the better part of about 20 years. I am disabled person from a birth Heart defect, and when the money was taken I could not get to my medical appointments for lack of gas half the time. I spent time on the legal procedures to help my friend and myself when I should have been spending more time and strength with my Social Security claim, and being under the same roof of the household, I suffered the stress that Frank W. Rupp suffered as well. The most harm caused is going from a nice home of comfort to being homeless as a direct effect of the summary Judgement, and that is wrong, and I can prove the defendant is wrong in this Court and before a Jury your Honor. I respectfully request of this Court is to proceed forward in this case in this very Court, as Plaintiffs, and not as class action. I ask that the Lawyer handing my Social Security Claim be assigned, and his name is,

Russell K. Marne, Attorney at Law, Marin Justice Center, 30 North San Pedro Rd. Suite # 195, San Rafael California, 94903, 415 499-8100 office, 415 499-7783 fax.

I did practice as a paralegal of the Northeastern U.S. District about 15 years ago, and left with good standing with that Court, and due to my disability, it would be very hard for me to do the same with this case as it has been very hard on me in just putting this one before this Court. Due to the lack of funds to appeal the summary Judgement, the Judgement now stands, and this effects all whom sale and buy real estate in California because people are signing a California Purchase Standard Contract under False Pretense under the Arbitration Law clause, and being a Judgement from another State, it makes this case an issue for the Federal Court. The Attorney General of California needs to assist the Plaintiffs in this case. I pray for Justice Your Honor, and to proceed forward for review in this Court for the best interest for all concern. Thank You.

Respectfully Submitted *(signature)*

Douglas James Gould, Plaintiff # 1

CASE STATMENT

The Plaintiff Frank Rupp purchased his condo within The City of San Francisco, Mayors Office Housing Government Program. Frank Rupp owned and lived in this condo for the better part of Ten years and the condo is located at 1860 Ellis St, San Francisco.
On or about June 30th, 2003, the Plaintiff Frank Rupp sold this condo for the amount of $344,500.00, and after all the correct figures and deductions were made upon the Final Closing Statement, the Plaintiff did Receive the correct amount of $170,557.44, at the close of escrow.

On or about July 3rd, 2003, the Plaintiff Frank Rupp received a phone call from the Title Company which handled the sale of the condo for both Buyer and Seller, and stated they over seen a fee attached to the Title in the amount of $75,400.15, and demanded he send them back $75,400.15, in which Frank Rupp said no, for reason he will not sell the condo for anything less then the agreed amount of $170,557.44, at the close of escrow and no longer owns the Title. The Title Company then stated, ( IF YOU DO NOT SEND US $ 75.000 YOU WILL NOT LIKE WHAT WE WILL DO TO YOU. ) and at which the representative for the Title company at 365 Castro St San Francisco hung up the phone on Frank Rupp. The representative did not give Frank Rupp the chance to state that he would send all the money back and not sell the condo at this time.

The Plaintiff Douglas Gould, was in the same room when Rupp received that phone call, Douglas Gould was in conference with a lawyer, whom is also Aid to the Three High Judges of the State of Nevada, and because of the nature of the conference, it was required all statements made by Douglas Gould be recorded by The Federal Bureau of Investigation and Douglas Gould did state and repeat what was said by that Title company representative to Frank Rupp to the conference members. On or about July 22nd, 2003, Frank Rupp received a Summons to appear in the Reno 2nd district Court as a defendant by the Title company, in which the Title company Stated to that Court, ( we made a mistake and over payed Mr Rupp $75.000 more then the agreed closing amount of $170,557.44,) and claimed Mr Rupp knew of this mistake and accused him of criminal actions as mention on page __ of this proceeding.

The Title Company lied to the Reno District Court, they did not make a mistake and overpay Rupp more then the agreed amount at time of closing, the fact is, they made the mistake of not doing their job by not finding the $75.000 fee attached to the loan of the Title for said condo. The Title Company and or acting agents that oversee real estates sales are paid not to make these mistakes and under text book regulations of the State of California are required not to make such mistakes. California Law requires Arbitration for any dispute by Acting Agent, Seller, and Buyer over the sale of real estate in the State of California. The truth is the Title Company used the Nevada Courts to carry out their threat made over the phone to Mr Rupp and the State of Nevada allowed it to happen, when Arbitration is Required under California law and this fact was well made known unto the Courts and the Nevada State Attorneys General Office from 2003 to date. The State of Nevada Department of Insurance provided a letter of statement to wit: ( we do not have jurisdiction of real estate in the City of San Francisco but falls under the jurisdiction of the Department of Insurance of the State of California. ) This statement was in regards to a complaint to the Title Company actions in the Nevada Courts.

The Department of Insurance of the State of California, Senior Investigator Marc Babin has open an investigation into the harassment the Title Company is committing against Frank Rupp by the use of the Nevada State Courts as a crime.

(5)

CASE SUMMARY

Douglas Gould informed Frank Rupp to get a lawyer when Rupp was presented with the Summons to appear before Reno 2nd District Court, Douglas Gould, for medical reasons, went to the State of Florida, and returned to Reno on the 16th of September 2003. Douglas Gould found Frank Rupp holding a letter from his lawyer stating, ( the summary judgement has been upheld and the case has been closed and telling him not to appeal, ) the judgement was entered without any plea by Rupp or verdict by trial. Gould and Rupp began to file motions in the Reno 2nd district Court for dismissal based on fact of law and filed a complaint with the Nevada State Bar against his formal Lawyer and the Lawyer was relieved from the firm, and the fee was not return to Rupp. The District Court claimed Jurisdiction from a Nevada Court Breach of Implied Contract case from 1949, in which the defendant was ordered to return $500.00 to the Casino the defendant accepted as a loan (marker) to gamble in that Casino. The District Court made this decision based upon the information it was not a Implied Contract, nor a loan, but an California Written Executed Contract, whereupon the Title Company was required to go after the buyer for the $ 75,400.15, and provide Arbitration upon buyers demand, and under California Law and the terms of that contract, when the Title to the condo transferred over to the Buyer at 12:01 am, under law of protection, Frank Rupp was no longer bonded to the Contract and is exempt from that Contract except by California Arbitration Decision. California upholds the sale of this condo as a Legal Executed Contract. California accepts the sale as correct and final, and closed, but the State of Nevada said No, which is illegal.

On December 4th 2003, an appeal was filed with the Nevada State Court of Appeals, where that Court tried to be helpful known the case was illegal without given legal advise, in December 2006, the court of Appeals sent the case back to the District Court for the following reasons, the Appeals Court could not hear the case because there were 2 claims out 4 claims in the complaint not heard and found the judgement in default and under the rules of the appeals court, all claims have to be heard before the Appeals Court can review the case. The 2 claims not heard were Breach of Implied Contract and Fraud.

1  Frank Rupp and Douglas Gould, submitted another motion after the finding of default judgement
2  asking the District Court to return the monies taken from Rupps bank account to be used to pay the
3  mortgage and for defence in that case, the District Court denied the motion, but however, the Court
4  Ordered the Title Company to act on those 2 claims in 30 days or they would be dismissed, and at the
5  end of that time frame, the District Court dismissed the claims of Breach of Implied Contract and
6  Fraud, whereupon the Court should have dismissed the entire case in the interest of Justice because
7  the Court Claim Jurisdiction based on those very claims of Breach of Implied Contract and Fraud.
8
9  The $75,400.15, is an Appreciation Fee to the Loan Frank Rupp obtained from the Mayors Office
10 of Housing Government Program to purchased his condo, and according to that program, that Fee can
11 only be waived by order of the Arbitrator.
12 California Law Requires Arbitration for any dispute that may arise from the sale of the condo, please
13 see the attached Resident Purchase Contract page 5 of page 8, and because of the illegal Court case
14 in the State of Nevada, Frank Rupp was denied his Right(s) to Arbitration.
15 California Law requires at least 6 years of practice in Real Estate Law before holding the position of
16 Arbitrator, and according to Real Estate Laws here in California, the Title Company was required to
17 file for Arbitration or eat the $75,400.15 mistake.
18 On or about March 26th, 2007, a motion was filed in the District Court asking that Court to waive the
19 Appeal Fee for that case, but however, the State of Nevada does not allow Appeal Fees to be waived,
20 and the Court has not yet replied to that motion, and the 30 day Appeal requirement has lapsed.
21
22 The Plaintiffs, request Trial by Jury to present evidence which will show the Defendant is wrong,
23 and/or the Defendant takes responsibility and proceeds with Restitution with this Courts Arbitration.
24
25 Respectfully Submitted
26
27 _____                          _____
     FRANK W RUPP                                    DOUGLAS J GOULD
28

7