FILED

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1

2          UNITED STATES DISTRICT COURT
3          NORTHERN DISTRICT OF CALIFORNIA

4

5    FRANK W. RUPP, and DOUGLAS          No. C08-01939SBA
     J. GOULD
6                PLAINTIFFS

7         V.                            DEMAND FOR JURY TRIAL

8    FIRST AMERICAN TITLE COMPANY.

9                DEFENDANT.
     ------------------------------/
10

11   THIS DOCUMENT IS FOR THE HONORABLE JUDGE ARMSTRONG TO READ.

12   Your Honor, my name is Douglas Gould, I brought this case before
13   this Court because the Law has been broken. Frank Rupp has very
     little knowledge of the Law or where his rights have been
14   violated. The defendant has violated Federal Protected Due
     Process Rights in a Criminal Act of Harassment.

15

16   Frank Rupp sold his Condo in the City of San Francisco in June
     2003, and did receive the correct amount in which he was no
17   longer bonded to the sale. When the Defendant went to transfer
     the Title over to the Buyer, they found a Fee in the amount of
18   $75,400,37 attached to the Title on record with the Mayors Office
     of Housing Program in which Frank Rupp purchased the Condo threw
19   that Program. The Title Company is required to pay that Fee under
     the Rules and Regulations of California State Insurance Laws,
20   which the Defendant did pay on August 1, 2003. The Fee is not
     listed on the California Residential Purchase Agreement Contract
21   Form, which is a standard form for all sales in this State, nor
     is the Fee listed on the Final Closing Statement, which is
22   another standard form with the adjusted cash figure the seller,
     receives.
23

24   The Harassment began when they step outside the bonds of
25   insurance laws and called Frank Rupp in Reno Nevada and demanded
     he send them back the said Fee or he will not like what they will
26   do to him. It became a Federal Case when the defendant crossed
     the State line with the phone call and its threat and carried it
27   out by getting a Summary Judgment of $75,400,37 plus legal Fees,
     by telling a Nevada Court that they made a mistake and over paid
28

                              -1-
                    _____
                         TITLE OF DOCUMENT

1   him when there is nothing on record of said fee until after the
    sale and Frank Rupp received the correct closing amount.

2
    The Harassment still continues by the defendants lawyers Your
3   Honor, known there are Motions pending in the Nevada Court to
    reopen the case, and reverse the Judgment as advise to do in a
4   Order from Judge Patel, the defendant filed an application to
    enforce a Sister State judgment in a Court in Riverside County
5   California.

6   We dealt with these lawyers that filed in Riverside when we filed
    a Breach of Contract in 2004, and withdrew the case as not to
7   involve the Buyer as an innocent party.

8   We dealt with the California State department of Insurance and
    withdrew as not effect the jobs of innocent people who work for
9   First American Title.

10  We worked with the Nevada State Supreme Court to resolve the case
    and under their appeal laws could only do so much to help.
11
    We are working with the Nevada State Attorney General in what is
12  needed to resolve matters.

13
    We followed the advice on how to report a crime to the letter
14  from the California Attorneys Generals Office.

15  We have a letter from Rupp's former lawyer in Nevada telling him
    the case is closed, the Judgment stands and tells him not to
16  appeal, and there is no plea or trial, and another letter from
    the lawyer addressed to Nevada Bar which states he is no longer
17  with his former firm when he represented Rupp, but yet I talked
    to him on the phone at the same firm not three months ago to
18  date.

19  These people and their lawyers need to be stopped your Honor, I
    have been put out of my home because of the crime committed, a
20  home I was long in before Rupp even thought about selling his
    condo, he and my family came to Reno when became ill with a born
21  illness which crippled me in 2002,and in 2003. I have been
    dealing with this case since 2003 which has been hard enough, let
22  alone with Social Security since 2002, like any crime, there are
    victims, and this one they put right out on the streets as
23  homeless and in pain, ask the staff here at the Marin County Law
    Library how my hands swell up from typing and how often I have to
24  walk my back off from pain. Frank Rupp is not a young person and
    has suffered in a lot of ways, from a bad line of credit to
25  losing his home, and how people, from neighbors to family and
    friends looked upon him as if he did something wrong in selling
26  his Condo and I myself witness the stress he was put threw from
    the Reno Court action.
27

28
                                    -2-

                        _____
                            TITLE OF DOCUMENT

1   Attached to this document is the Complaint the defendant filed in
    the Reno District Court accusing Rupp of a number of Criminal
2   acts in the sale of his condo. It appears the defendant based the
    alleged acts from a letter/document from the Mayors Office
3   Housing Program, which informs the Title Company of the
    $75,400,37 attached Fee to the Condo. The said letter is dated
4   June 25th, 2003, Five days before the wire transfer into Rupp's
    bank account.
5   And again Your Honor, the said letter falls within the scope of
    the Title Company's requirements to provide insurance coverage
6   under California State Laws.

7
    The defendant claimed in the Complaint they made a mistake and
8   over paid Rupp. If they would have caught this mistake before the
    wire transfer, then the chances are we would not be in this
9   Court. The seller has the right to refuse and not sell for
    whatever reason and if the defendant or buyer chose not to accept
10  the sale decision, then Arbitration is required under California
    Law. If the defendant believed Frank Rupp caused them to make
11  said mistake as a criminal act, then they are required like
    everyone with such belief to report it to the proper authorities
12  such as the District Attorneys Office in San Francisco for
    prosecution, and that office would have been responsible in
13  convincing a jury person as a homeowner, the Seller, after paying
    Title insurance coverage, is responsible for paying for a MISTAKE
14  the Title Company is paid not to make. If Rupp's lawyer went to
    Trial in the Reno Court, chances are we would not be in this one.
15
16  We have tried to resolve this matter threw the authorities we
    complained to by trying to get the defendant to withdraw their
17  complaint in the Reno Court and return the money taken with
    interest and they replied to the California State Senor Insurance
18  Investigator with (Go F**k yourselves, we have a Judgment). On
    June 18th, 2008 we filed in this for the ADR phone conference set
19  for June 26th, 2008, they replied on June 23rd, 2008 by serving
    Rupp in person at his home with the Sister State Judgment filed
20  with the Riverside County Court House California.

21  I have worked with different Courts back East in service to
    better the Community your Honor, and I heard it said, which I
22  believe applies in this case; the ignorance of Law is no excuse.
    I am going to try and make sure the defendants headquarters' get
23  this document within about Three days after its filing in an
    attempt make aware to the owner of the information it contains in
24  hopes this can be resolved out of Court. But until that happens,
25  we request the forgoing upon the following page.

26

27

28

1  We request of this Court to have Jurisdiction and proceed forward
2  for Justice to be served.

3  We request a Court date as soon as possible as not to prolong
4  this case for Pre Trial Motions to be filed.

5  We request a Jury Trial as soon as possible.
6

7  It is requested Plaintiff Frank W. Rupp be awarded Twenty Million
8  Dollars ($20,000,000) for hardship damages.

9  It is requested Plaintiff Douglas J. Gould be awarded Five
10 Million Dollars ($5,000,000) for hardship damages.

11 We request on or before Jury Selection to submit actual money
12 damages.

13

14 The amount of hardship damages is half of what a Jury awarded in
15 another case where the Insurance Company failed to provide
   coverage were required under law.
16

17

18 Thus, we pray to precede forward and Thank You Your Honor for
   your time in reading this document and for this case to be heard
19 in your Courtroom.

20

21

22

23

24 Frank W. Rupp Plaintiff                 Douglas J. Gould Plaintiff

25

26

27

28 CC. U.S. JUSTICE DEPT.

-4-

TITLE OF DOCUMENT

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES I through XX, inclusive, are unknown to Plaintiff, but Plaintiff is informed and believes that said Defendants are liable to Plaintiff as alleged herein and Plaintiff prays for relief to amend its complaint to state the true names and capacities of such parties when the same have been ascertained.

4.      That upon information and belief, at all times relevant hereto, Defendant was acting in an agent/servant relationship, and the Defendant was the agent, servant, and employee of each and every other Defendant, and the each were acting within the purpose, course, and scope of said employment and agency, and with the knowledge and consent of there principal and employer.

5.      On or about June 30, 2003, in connection with Defendant's sale of the Subject Property, First American caused $75,400.37 to be paid by mistake to Defendant. The mistake occurred as follows: The escrow for the sale of the Subject Property closed on June 30, 2003. Prior to close of escrow, the Subject Property was encumbered by a first position deed of trust in favor of First Republic Bank and a second position deed of trust in favor of the City and County of San Francisco, securing a loan made by the City in Connection with the Mayor's Office of Housing (hereinafter the "City of San Francisco Deed of Trust"). Pursuant to the instructions of Defendant, Defendant expressly agreed and instructed First American to pay off the City of San Francisco Deed of Trust in the amount of $75,400.37. Solely as a result of an error, $75,400.37 was mistakenly delivered to Defendant Rupp by wire transfer instead of the City of San Francisco.

6.      Plaintiff is informed and believes that Defendant has retained the mistaken wire transfer of $75,400.37 and has failed, neglected and refused, and continues to fail, neglect and refuses to pay the same or any part thereof to First American, and neither the whole nor any part thereof has been paid, thereby breaching an implied contract for the payment of the City of San Francisco Deed of Trust and/or to repay the funds.

7.      As a direct and proximate result of said breach, Plaintiff has suffered damages in an amount in excess of Ten Thousand Dollars ($10,000.00) according to proof at time of trial, plus prejudgment interest at the legal rate from June 30, 2003.

- 2 -

1    8.    Plaintiff has been required to retain counsel to initiate this action and is entitled

2    to recover its attorneys fees and costs.

3    WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

4    ## SECOND CLAIM FOR RELIEF
     ### (Money had and Received)

5    9.    Plaintiff repleads and realleges paragraph 1 through 8, inclusive, of its complaint

6    as though set forth in full herein and incorporates the same by this reference.

7    10.    On or about June 30, 2003, Defendant became indebted to Plaintiff in the sum

8    of $75,400.37 for money had and received by Defendant by mistake.

9    11.    Neither the whole nor any part of the sum has been paid, although demand

10   therefor has been made, and there is now due, owing and unpaid the sum of $75,400.37 together

11   with interest at the legal rate from June 30, 2003.

12   12.    As a direct and proximate result of the conduct as alleged herein, Plaintiff has

13   suffered damages in amount of excess of Ten Thousand Dollars ($10,000.00), according to proof

14   at time of trial, plus prejudgment interest at the legal rate from June 30, 2003.

15   13.    Plaintiff has been required to retain counsel to initiate this action and is entitled

16   to recover its attorneys fees and costs.

17   WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

18   ## THIRD CLAIM FOR RELIEF
19   ### (Fraud/Conversion)

20   14.    Plaintiff repleads and realleges paragraphs 1 through 13, inclusive, of its

21   complaint as though set forth in full herein and incorporates the same by this reference.

22   15.    Plaintiff is informed and believes that on or about June 30, 2003, when defendant

23   received the $75,400.37 overpayment, Defendant knew that he was not entitled to these funds but

24   failed to reveal and suppressed this fact from Plaintiff, First American and all others. Defendant's

25   failure to disclose and suppression of this fact misled First American, as well as others.

26   ///

27   ///

28   ///

- 3 -

16.   Plaintiff, First American is informed and believes that Defendants failed to disclose and suppressed the fact that they were not entitled to the $75,400.037 with the intent to convert the money to his own use and to induce First American to act in the manner herein alleged in reliance thereon.

17.   Plaintiff, at the time these failures to disclose and suppressions of fact occurred, and at the time Plaintiff took the actions herein alleged, was ignorant of the existence of the facts which Defendant suppressed and failed to disclose. If Plaintiff had been aware of the existence of the facts not disclosed and suppressed by Defendant, Plaintiff would not have caused the funds to be disbursed to Defendant as herein alleged.

18.   As a direct and proximate result of Defendant's fraud, deceit, conversion and the facts herein alleged, Plaintiff, has been damaged in a sum in excess of Ten Thousand Dollars ($10,000.00), together with interest at the legal rate from June 30, 2003.

19.   The aforementioned conduct of Defendant was willful and malicious and done with the intent to convert the money belonging to First American and to deprive Plaintiff of the money, and thus Plaintiff is entitled to an award of punitive of exemplary damages.

20.   Plaintiff has been required to retain counsel to initiate this action and is entitled to recover its attorneys fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth below.

### FOURTH CLAIM FOR RELIEF
(Unjust Enrichment)

21.   Plaintiff repleads and realleges paragraphs 1 through 20, inclusive, of its complaint as though set forth in full herein and incorporates the same by this reference.

22.   By reason of Defendants' receipt, retention and refusal to return the $75,400.37 mistakenly paid to Defendant, Defendants have been unjustly enriched by receiving, accepting, and retaining said funds.

23.   The use and enjoyment by Defendants of said funds has resulted in damages to Plaintiff in a sum in excess of Ten Thousand Dollars ($10,000.00), according to proof at the time of trial, plus prejudgment interest at the legal rate from June 30, 2003.

- 4 -

2.     The facts and reasons why these grounds exist are Plaintiff's allegations and the supporting Affidavits which show that Defendant, Frank W. Rupp, has taken and converted property owned by or entrusted to Plaintiff, without Plaintiff's consent; that Defendant, Frank W. Rupp, appears to have transferred the mistakenly disbursed funds to a bank account located in Reno, Nevada; that Defendant, FRANK W. RUPP is likely to remove his money and property from the state of Nevada; that Defendant, Frank W. Rupp's, property which may remain in this state, if any, will be insufficient to satisfy the Plaintiff's claims; and that Defendant, Frank W. Rupp, has obtained funds through embezzlement or larceny.

3.     Having reviewed the Verified Complaint of Plaintiff and the documents on file herein, it appears that Plaintiff has alleged meritorious claims for relief.

4.     The amount for which the attachment and garnishment will issue in this action is the sum of Seventy-Five Thousand Four Hundred Dollars and Thirty-Seven Cents ($75,400.37).

5.     Prior to the attachment, a written undertaking on the part of Plaintiff, payable in lawful money of the United States in the sum of $3,000.00   shall be given before the Writs herein will issue.

6.     The names of all third persons upon whom Writs of Garnishment in aid of attachment shall be served upon are:

        (a)     Bank of America, Branch No. 8582, located at 5905 South Virginia Street, Reno, Nevada, 89502.

7.     The property to be attached and garnished herein is properly described as follows: $75,400.37 in money held in an account at Bank of America, Branch No. 8582, located at 5905 South Virginia Street, Reno, Nevada.

///

-2-

2.    I have personal knowledge of the matters set forth in this Affidavit, and if called as a witness, I could competently testify to the matters set forth herein.

3.    I am an attorney for First American Title Company (hereinafter "First American") licensed to practice law in the State of California.

4.    First American is the plaintiff herein and has valid claims for relief against Defendant, Frank W. Rupp, for breach of implied contract, money had and received, fraud/conversion and unjust enrichment.

5.    I believe that First American is entitled to recover from FRANK W. RUPP the sum of at least Seventy-Five Thousand Four Hundred Dollars and Thirty-Seven Cents ($75,400.37), plus interest, costs and attorneys fees.

6.    There exists grounds for attachment and garnishment without notice because personal property entrusted to First American has been taken and converted by FRANK W. RUPP without First American's consent; Affiant is informed and believes, FRANK W. RUPP is about to further give, hypothecate, pledge, dispose of or conceal his money or property; Affiant is informed and believes, FRANK W. RUPP's money or property remaining in Nevada or that remaining unconcealed will be insufficient to satisfy First American's claims; and First American is seeking recovery of funds obtained by FRANK W. RUPP through larceny. As further evidence of the need for attachment and garnishment without notice, your affiant is informed and believes that Defendant, FRANK W. RUPP, transferred the mistakenly disbursed funds across state lines to a bank account located in Reno, Nevada and has refused, failed and continues to refuse and fail to return the funds mistakenly disbursed to him.

7.    The property sought to be attached and garnished is money, more specifically described as funds mistakenly disbursed by First American, the escrow holder for the sale of

-2-

1

2                        CERTIFECATE OF SERVICE

3

4
         *Douglas J. Gould*
5    I Douglas J. Gould submitted the forgoing in person in the U.S
6    District Court in Oakland California 2- of each as listed on date
     of 7/2 /08;
7

8    Request to withdraw waiver of Court filing Fee.

9    Demand for Jury Trial.

10   The original Complaint filed in the Reno Nevada District Court by
     the Defendant. *And entire Complaint and Exhibits of case on*
11   *file as C08-01939SBA To defendant only. And Summons*
12

13
     I --------------------------, do hereby state, I am not a party
14   to this action, and I am over 18 years of age, that on 07/  /08,
     Did mail by U.S. postal over night registered mail the said same
15   documents as listed above to the forgoing address:

16   Corporate Headquarters of Defendant
     The First American Corporation
17   First American Title Company
     1 First American way
18   Santa Ana CA, 92707

19

20

21

22

23

24

25

26

27

28

                              -1-
                   _____
                      TITLE OF DOCUMENT