1  Jeffrey H. Lowenthal (State Bar No. 111763)
   Lisa Marie Black (State Bar No. 226360)
2  STEYER LOWENTHAL BOODROOKAS
    ALVAREZ & SMITH LLP
3  One California Street, Third Floor
   San Francisco, California 94111
4  Telephone (415) 421-3400
   Facsimile: (415) 421-2234
5  Email: lblack@steyerlaw.com

6  Attorneys for Defendant
   First American Title Company
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                        (Oakland)

11

12 FRANK W. RUPP and DOUGLAS J.         )   CASE NO. CV08-01939-SBA
   GOULD,                               )
13                                      )   **FIRST AMERICAN'S CASE**
              Plaintiffs,               )   **MANAGEMENT CONFERENCE**
14 vs.                                  )   **STATEMENT - CORRECTED**
                                        )   **PLEADING COVER PAGE**
15 FIRST AMERICAN TITLE COMPANY, a      )
   California corporation,              )   Judge: Honorable Saundra B. Armstrong
16                                      )   Date:  September 17, 2008
              Defendant.                )   Time:  3:45 p.m.
17                                      )   Place: Courtroom 3
                                        )
18 _____

19

20

21

22

23

24

25

26

27

28

---

1    Although ordered to do so in this Court's July 30, 2008 order, Plaintiffs did not
provide to defendant First American Title Company ("First American") a proposed joint Case
Management Conference Statement prior to the deadline to file such a statement. A few days
before the deadline to file such a statement, defendant First American contacted plaintiffs
Frank W. Rupp and Douglas J. Gould by email and later, plaintiff Gould by telephone, to set
up a meet and confer telephone conference concerning the required joint case management
statement. In addition, while not required to do so, First American prepared a [proposed]
Joint Case Management Statement and sent it to plaintiffs for their review and approval.
Plaintiff Gould left counsel for First American a telephone message seeking to meet and
confer and informing First American that plaintiff Rupp was on a family vacation and
unavailable. First American returned plaintiff Gould's call and left him a voice message,
which was not returned before the filing deadline. Accordingly, First American was unable
connect with plaintiffs directly by telephone in order to confer about the proposed joint
statement prior to the filing deadline. Pursuant to Local Rule 16-9(a), First American hereby
respectfully submits the following Case Management Statement.

   1.   <u>Jurisdiction and Service</u>: First American contends that this Court does not have
subject matter jurisdiction over plaintiffs' claims, and will raise this issue in its Motion to
Dismiss, to be filed prior to the September 17, 2008 Case Management Conference. First
American further contends that it has not been properly served with the summons and
complaint.

   2.   <u>Facts</u>: Dissatisfied by the resulting judgment in a Nevada state court action
entitled *First American Title Company v. Frank W. Rupp*, State of Nevada, County of Washoe
Superior Court, Case No. CV03-04418 (the "Nevada State Action"), plaintiffs Frank W. Rupp
and Douglas J. Gould essentially seek to appeal that state court decision by filing this federal
court proceeding. In the present action, plaintiffs allege that First American violated their
federal due process and equal protection rights when First American obtained Judgment in
favor of First American and against Frank W. Rupp in the Nevada State Action concerning

- 1 -

1    First American's mistaken overpayment to Rupp of $75,000. On or about November 26,
2    2007, Rupp and his old roommate, paralegal Douglas J. Gould, sought to appeal the Nevada
3    Sate Action Judgment by filing a action in the United States District Court, Northern District
4    of California, against the citizens of the state of Nevada, entitled *Rupp et al. v. The Citizens of*
5    *the State of Nevada*, Case No. C 07-05954. The Court in that case, Judge Marilyn Hall Patel
6    presiding, concluded in that case that "plaintiffs have not demonstrated a basis upon which
7    this court may exercise subject matter jurisdiction. Therefore, plaintiffs' complaint must be
8    DISMISSED. This court recommends that plaintiffs appeal (or reopen) the decision made by
9    the Nevada state trial court in order to pursue their desired relief." Plaintiffs nonetheless
10   proceeded to file this Federal District Court action against First American.

11          3.      <u>Legal Issues</u>: First American contends that this Court does not have subject
12   matter jurisdiction over the subject matter of this dispute. The present action essentially seeks
13   appellate review of the Nevada State Action, however, this Court lacks subject matter
14   jurisdiction over such an appeal because "[a]s courts of original jurisdiction, [district courts]
15   do not have jurisdiction over direct challenges to final decisions of state courts, <u>even if those
16   challenges allege that the state court's action was unconstitutional</u>." <u>Allah v. Superior Court</u>,
17   871 F.2d 887, 890-91 (9th Cir. 1989) (emphasis provided); <u>Dist. of Columbia Ct. of Appeals v.
18   Feldman</u>, 460 U.S. 462, 483 n. 16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415
19   (1923) (holding that no court of the United States other than the United States Supreme Court
20   can entertain a proceeding to reverse or modify a state judgment for errors); <u>Worldwide
21   Church of God v. McNair</u>, 805 F.2d 888, 890 (9th Cir.1986) (stating that district courts have
22   no authority to review the final decisions of state courts).

23          4.      <u>Motions</u>: First American anticipates filing a Motion to Dismiss prior to the
24   September 17, 2008 Case Management Conference.

25          5.      <u>Amendment of Pleadings</u>: Unknown at this juncture.

26          6.      <u>Evidence Preservation</u>: First American continues to have in its control the
27   relevant escrow file and litigation file from the underlying Nevada State Action.

28

| | | |
|---|---|---|
|1| 7. | Disclosures: Initial disclosures have not been made. This case is not yet at |

7. Disclosures: Initial disclosures have not been made. This case is not yet at issue. First American will file a Motion to Dismiss the complaint with prejudice.

8. Discovery: No discovery has been taken to date.

9. Class Actions: This case is not a class action.

10. Related Cases: While not ongoing cases, the following cases have preceded and pertain to this action:

*First American Title Company v. Frank W. Rupp*, State of Nevada, County of Washoe Superior Court, Case No. CV03-04418; Judgement entered, case closed.

*Rupp et al. v. The Citizens of the State of Nevada*, United States District Court, Northern District of California, Case No. C 07-05954; Dismissed by order of the Court.

In addition, the following case was filed in state court to enter the Nevada state Action judgment as a Sister-State Judgment:

*First American Title Company v. Frank W. Rupp, State of California*, County of Riverside Superior Court, Case No. 500847; Sister State Judgment Entered, Rupp's Motion to Vacate Denied.

11. Relief: Plaintiffs' complaint seeks the following relief: "an Order to the Bank of America directing for the lien to be held in abeyance until further notice from this court;" and for "defendant to withdraw their Complaint from the Nevada District Court and set a reasonable time to have a Table Conference for Settlement whereupon both parties to this action can walk away satisfied, and or present all facts in this Complaint and its related sister complaint against the State of Nevada in Trial and let the Jury decide the award." See April 11, 2008 Complaint, page 6.

12. Settlement and ADR: There has been no ADR proceedings to date.

13. Consent to Magistrate Judge for All Purposes: All parties have not consented to have a magistrate judge. Plaintiffs have filed a "Consent to Proceed Before A United States Magistrate Judge."

14. **Other References**: First American contends that this case is not suitable for referral to other processes at this juncture.

15. **Narrowing of Issues**: Other than First American's anticipated Motion to Dismiss, First American does not foresee any issues that can be narrowed by agreement or motion at this juncture.

16. **Expedited Schedule**: Other than this Court's dismissal of this case with prejudice upon consideration of First American's anticipated Motion to Dismiss, First American does not seek an expedited schedule at this juncture.

17. **Scheduling**: First American respectfully requests that this Court wait until after hearing and order on its Motion to Dismiss before considering orders concerning any scheduling of discovery and other pre-trial and trial deadlines.

18. **Trial**: At this juncture, First American respectfully contends that this Court does not have subject matter jurisdiction over the subject matter of this dispute. In any case, First American does not waive its right to trial by jury at this juncture. It is premature for First American to predict the expected length of trial.

19. **Disclosure of Non-party Interested Entities or Persons**: First American is concurrently filing its "Certification of Interested Entities or Persons." The contents in this Certification are as follows: Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, the following listed entities have a financial and non-financial interest in the subject matter in controversy or as a party to the proceeding:

| Name of interested Entity or Person | Nature of Interest |
| --- | --- |
| First American Title Company | Party |
| First American Corporation | Parent of First American Title Company |

| | | |
|---|---|---|
| 1 | Dated: September 5, 2008 | STEYER LOWENTHAL BOODROOKAS |
| 2 | | ALVAREZ & SMITH LLP |

By: _____
Lisa Marie Black
Attorneys for Defendant
First American Title Company

- 5 -